OPINION OF THE COURT
Memorandum.
The order should be affirmed.
The role of a Trial Judge in a criminal case is not merely that of an observer or even that of a referee enforcing the rules of a game (see People v De Jesus, 42 NY2d 519, 523). In fulfillment of its broader obligation to ensure the defendant a fair and impartial trial (People v Crimmins, 36 NY2d 230, 238), a court is not without power, to be exercised with judicious restraint, to keep the proceedings within the reasonable confines of the issues and to encourage clarity rather than obscurity in the development of proof (see People v Knapper, 230 App Div 487, 489-490; People v Perrin, 224 App Div 546, 550, affd 251 NY 509).
For these purposes, the court may put appropriate questions to witnesses and, of course, make such rulings, evidentiary and otherwise, as the proper conduct of the case and the range of discretion entrusted to it for that purpose require. But it goes without saying that these functions must not be carried out in language and in a manner from which a jury will gain the impression of existence of an opinion on the part of the court as to the credibility of the" testimony of any witness or the merits of any issue in the case (People v Carter, 40 NY2d 933, 934; People v Budd, 38 NY2d 988; People v Mendes, 3 NY2d 120; People v Ohanian, 245 NY 227). Among *946 other things relevant to the questions raised on the appeal before us, the court also must scrupulously avoid denigrating counsel and thereby undermining a party’s right to his or her effective assistance (People v De Jesus, supra, p 524).
In the present case, it is clear that the Trial Judge did not fully measure up to these ideals and, regrettably, we cannot say that the concern expressed by the dissenters at the Appellate Division was without foundation. Our review of the record as a whole convinces us, however, that despite the trial court’s departures, including a penchant for sometimes intrusive, though most often innocuous remarks that would better have been left unsaid, the jury was not prevented from arriving at an impartial judgment on the merits (People v Gonzalez, 38 NY2d 208, 210; cf. People v Rodriguez, 38 NY2d 95, 102).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.