OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*827 Both lower courts found that defendant voluntarily accompanied the police to the station house, that the initial police questioning was investigatory into defendant’s complaint of an assault rather than custodial, that defendant was given Miranda warnings upon the change of his status from a victim to a suspect, that he waived his rights intelligently and voluntarily prior to being questioned about his involvement in the victim’s death, and that there was no deception or other deliberate attempt on the part of the police to isolate defendant from his mother in order to deprive him of the assistance of counsel or to obtain a confession. There being support in the record for these affirmed findings of fact, this court is bound thereby. (People v Robles, 27 NY2d 155, 157, cert denied 401 US 945; see also, People v De Tore, 34 NY2d 199, 206, cert denied sub nom. Wedra v New York 419 US 1025.) Consequently, it cannot be said, as a matter of law, that defendant was deprived of his rights against compulsory self-incrimination or to the assistance of counsel. (See, People v Burd, 18 NY2d 832, 833; People v Hocking, 15 NY2d 973; compare, People v Townsend, 33 NY2d 37, 41; People v Bevilacqua, 45 NY2d 508, 514-515.)
Additionally, the trial court’s improper bolstering of the People’s medical expert and its excluding evidence of the victim’s prior sexual conduct with defendant (CPL 60.42 [1]) were harmless. The impact of the former was diminished by the court’s repeated instruction to the jurors to reserve their own judgment on the credibility of all witnesses; the effect of the latter was attenuated by defendant’s own testimony concerning his relationship with the victim and by the withdrawal of the rape charge which precluded its being submitted to the jury. Moreover, the evidence of defendant’s guilt as to the remaining charge was overwhelming. (People v Crimmins, 36 NY2d 230, 240-242; see also, People v Moulton, 43 NY2d 944, 946.)
We have considered defendant’s other contentions and find them to be without merit.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Order affirmed in a memorandum.