■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS HERNANDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered December 5, 1986, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HERNANDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered January 2, 1986, convicting him of criminal sale of a controlled substance in the second degree and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The record does not substantiate the defendant's claim that the trial court refused to have the confidential informant produced from a Federal penitentiary in Kentucky. The defense counsel did not seek a writ of habeas corpus ad testificandum pursuant to CPL 650.30 even though the trial court informed him that it would sign any order necessary to secure the witness's appearance.

We further find no merit to the defendant's contention that the trial court improperly assumed the role of prosecutor or that it displayed bias or hostility toward the defendant's case. Rather, the court quite properly took the initiative and intervened to clarify confusing testimony in order to facilitate the orderly and expeditious progress of the trial *(see, People v Yut Wai Tom,* 53 NY2d 44; *People v Jamieson,* 47 NY2d 882; *People v Moulton,* 43 NY2d 944). To that same end, the court bifurcated the summations by directing both sides to sum up prior to the testimony of a witness who had yet to be produced from an out-of-State correctional facility despite numerous efforts to secure his presence. Moreover, it was unknown whether the witness would invoke his Fifth Amendment rights upon being produced. The court permitted both sides to reopen their summations following that witness's testimony and instructed them to limit their summations to his testimony. Under these circumstances, the bifurcation of summations did not constitute an abuse of the trial court's discretion *(cf., People v Hendricks,* 114 AD2d 510). Moreover, the limitations imposed on the reopened summations prevented repetitive or redundant argument *(see, Herring v New York,* 422 US 853).

In light of the fact that the defendant was convicted of selling heroin to an undercover police officer on two separate occasions and indicated his willingness to continue his dealings in the future, the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.