■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRON A. MILHOUSE, Appellant. [715 NYS2d 641] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrero, J.), rendered December 9, 1998, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKIE MIRANDA, Appellant. [715 NYS2d 857] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered September 24, 1996, convicting him of sexual abuse in the first degree and criminal impersonation in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that an explanatory comment by the Supreme Court as to why an adjournment was required constituted reversible error is without merit. The comment was made immediately subsequent to opening arguments. As neither the complainant nor any other witness had testified, there was no testimony to believe or disbelieve, and the Supreme Court's comment did not indicate that it credited the complainant in any respect (*see, People v Moulton,* 43 NY2d 944, 945; *People v De Jesus,* 42 NY2d 519, 523-524). The comment was merely descriptive of the complainant rather than purportedly conclusive as to an element of the crime. Moreover, the defendant was acquitted of the robbery counts. Accordingly, the alleged error might have had an effect only with respect to the count of criminal impersonation. Concerning that count, the jury could have found that the defendant attempted to rob the complainant in the course of impersonating a police officer. In light of the overwhelming evidence of the defendant's guilt of this crime, the error, if any, was harmless (*see, People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Altman, J. P., Goldstein, McGinity and Luciano, JJ., concur.