■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORIS HAGOOD, Appellant. [737 NYS2d 611] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered July 1, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and also convicting her, upon her plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing her, as a second felony offender, to concurrent terms of 6 to 12 years and 4½ to 9 years, respectively, unanimously affirmed.

Since defendant's ineffective assistance claim primarily involves matters dehors the record, including questions of strategy and consultations between defendant and her counsel, it would require a CPL 440.10 motion in order to expand the record. To the extent the existing record permits review, it establishes that trial counsel provided meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). We note that it is defendant who is ultimately to blame for giving perjured testimony at trial.

Defendant's claim that the court inappropriately interfered with the examination of witnesses is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's minor clarifying interventions were appropriate (*see, People v Moulton*, 43 NY2d 944).

We perceive no basis for a reduction of sentence. Concur— Nardelli, J.P., Tom, Mazzarelli, Lerner and Buckley, JJ.