■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK SAMPLE, Appellant. [846 NYS2d 135]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered May 6, 2005, convicting defendant, after a jury trial, of grand larceny in the third degree, and sentenced him, as a second felony offender, to a term of $2^3/_4$ to $5^1/_2$ years, with restitution, including a mandatory surcharge, in the total amount of $45,150, unanimously affirmed.

The portion of the prosecutor's summation to which defendant objected as "speculation" constituted a fair inference that could be drawn from the record (*see e.g. People v Taylor*, 249 AD2d 33 [1998]). Defendant's remaining claims of prosecutorial misconduct during cross-examination and summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

The court's limited questioning of defendant during his testimony did not deprive him of a fair trial. Although some of the inquiries could be viewed as unnecessary or irrelevant, the court's questions did not assist the People in proving their case or benefit them in any fashion, nor were the questions particularly hostile toward defendant's case (*see People v Melendez*, 31 AD3d 186, 197 [2006], *lv denied* 7 NY3d 927 [2006]). We conclude that the jury was not "prevented from arriving at an impartial judgment on the merits" (*People v Moulton*, 43 NY2d 944, 946 [1978]).

The record does not establish that defendant's sentence was based on any improper criteria, and we perceive no basis for reducing the sentence. Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.