The People of the State of New York, Respondent, v Stacy Liggan, Appellant. [878 NYS2d 735]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered May 11, 2005, as amended May 20, 2005, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, and judgment, same court (Carol Berkman, J., at suppression hearing; Ruth Pickholz, J., at jury trial and sentence), rendered December 14, 2005, convicting defendant of assault in the first degree, attempted robbery in the first and second degrees and conspiracy in the fourth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, concurrent with the prior sentence, unanimously affirmed.

At defendant's first trial, the court properly exercised its discretion in limiting defendant's testimony regarding the alleged meaning of portions of an incriminating letter he wrote while incarcerated pending trial. Although defendant asserts that he was entitled to testify as to what he intended to mean by certain phrases, the excluded questions did not call for such testimony, but essentially asked defendant to analyze or interpret the meaning of language that contained no codes or obscure terminology requiring an explanation. The interpretation called for in defense counsel's questions was in the nature of argument that would be appropriate if made by counsel in summation, but not by a witness on the stand. Since defendant never made a timely assertion of a constitutional right to give the excluded testimony, his present constitutional claim is unpreserved (*People v Lane*, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]). In any event, any error in the court's ruling was harmless under the standards for both constitutional and nonconstitutional error.

At the first trial, the court properly permitted the People to impeach their own witness with a prior inconsistent statement. In context, the witness's denial that defendant made an incriminating statement to her was affirmatively damaging to the People's case (*see* CPL 60.35 [1]; *People v Winchell*, 98 AD2d 838, 841 [1983], *affd* 64 NY2d 826 [1985]; *compare People v Fitzpatrick*, 40 NY2d 44, 51-52 [1976]). In any event, any error in this ruling was harmless.

The court properly denied defendant's CPL 330.30 (2) motion to set aside the first verdict on the ground of jury misconduct. During the trial, the court and all parties learned that one or more news articles about a jailhouse fight between one of defendant's original codefendants and a defendant in a notorious unrelated case tangentially mentioned that the codefendant had pleaded guilty in this case. At that time, defendant's counsel declined the trial court's invitation to conduct an inquiry of the jurors, instead requesting that the court reiterate its admonition to the jurors to avoid reading news accounts about the trial. After the trial, it came to light that a juror had been aware of the codefendant's guilty plea, but had not discussed it with other jurors. Since counsel was aware, during the trial, of a potential danger of exposure of jurors to this information, but declined a remedy that would have obviated the need for postverdict proceedings or a new trial, the postverdict disclosure was not a basis for setting aside the verdict (*cf. People v Albert*, 85 NY2d 851 [1995]; *People v Kelly*, 11 AD3d 133, 146-147 [2004], *affd* 5 NY3d 116 [2005]).

The branch of defendant's motion to set aside the verdict that alleged he was convicted on an improper theory was contrary to the rule precluding jurors from impeaching their verdict with regard to their deliberative processes (*see People v De Lucia*, 20 NY2d 275 [1967]).

The hearing court properly denied defendant's motion to suppress a letter he wrote from prison that was intercepted and copied by prison authorities. Since the interception met constitutional standards, defendant was not entitled to exclusion of the letter on the ground that prison authorities failed to comply with a Department of Correctional Services regulation (7 NYCRR 720.3 [e] [1]) concerning the factual content of an authorization for interception (*see United States v Workman*, 80 F3d 688, 698-699 [2d Cir 1996], *cert denied* 519 US 938 [1996]). The exclusionary rule applies to a violation of a statute only where the purpose of the statute is to effectuate a constitutionally protected right (*People v Taylor*, 73 NY2d 683, 690-691 [1989]; *see also People v Patterson*, 78 NY2d 711, 716-717

[1991]). The regulation at issue appears to be a record-keeping requirement not directly implicating a constitutional right. Moreover, there does not appear to be any authority for suppression of evidence in a criminal case based on a violation of a mere administrative regulation rather than a statute. We note that in the civil context, a clear distinction is drawn between a statutory violation and a violation of a regulation, which, "lacking the force and effect of a substantive legislative enactment," is merely some evidence of negligence (*Bauer v Female Academy of Sacred Heart*, 97 NY2d 445, 453 [2002]).

We have considered and rejected defendant's arguments regarding his second trial, his constitutional challenge to his persistent violent felony offender adjudication, and his pro se claims. Concur—Andrias, J.P., Saxe, Sweeny, Nardelli and Freedman, JJ.