(May 6, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE HAMPTON, Appellant. [899 NYS2d 240]—

Judgment, Supreme Court, New York County (Thomas A. Farber, J., at suppression hearing; Bonnie G. Wittner, J., at jury trial and sentence), rendered May 18, 2007, convicting defendant of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 35 years to life, unanimously affirmed.

None of defendant's claims regarding a recanting prosecution witness warrant reversal. The court properly permitted the People to impeach the witness with a prior inconsistent statement, because, in context, the witness's ultimate trial testimony was affirmatively damaging to the People's case and not merely neutral or unhelpful (*see* CPL 60.35 [1]; *People v Winchell*, 98 AD2d 838, 841 [1983], *affd* 64 NY2d 826 [1985]; *compare People v Fitzpatrick*, 40 NY2d 44, 51-52 [1976]). Defendant's objection, made for the first time during jury deliberations, failed to preserve his claim that the People demonstrated bad faith by calling the witness for the sole purpose of impeaching him, and we decline to review it in the interest of justice. As an alternative holding, we find that the People had a legitimate basis for calling the witness. We also conclude that when the deliberating jury inquired about the effect of a prior contradictory statement, the court provided a meaningful response that correctly stated the law as set forth in CPL 60.35 (2), and the court was not obligated to repeat in its entirety its prior charge on this subject. In any event, any errors relating to this witness were harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Two other witnesses, one of whom was acquainted with defendant, independently connected him to the crime.

The court's questioning of the recanting witness, as well as the other aspects of the court's conduct of the trial that defendant challenges on appeal, were within permissible limits (*see People v Arnold*, 98 NY2d 63, 67 [2002]; *People v Moulton*, 43 NY2d 944 [1978]). Furthermore, the conduct at issue did not deprive defendant of a fair trial or cause him any prejudice, particularly in light of the court's curative instructions.

As the People concede, background testimony about the mur-

der victim and a photograph of him taken while he was alive were irrelevant and should not have been received in evidence. However, this error was harmless (*see People v Stevens*, 76 NY2d 833, 835-836 [1990]).

The suppression hearing court properly exercised its discretion in denying defendant's application to call two police officers whose only connection with the identification procedure was to sit briefly with a witness before she viewed a lineup (*see People v Chipp*, 75 NY2d 327, 338-340 [1990], *cert denied* 498 US 833 [1990]). Defendant's claim that there may have been some kind of suggestive conduct by these officers was purely speculative.

Defendant failed to preserve his arguments concerning the court's charge on attempted murder and the alleged insufficiency of the evidence supporting that conviction, and his procedural claim regarding his sentencing, and we decline to review these claims in the interest of justice. By failing to make timely and specific objections or requests for additional remedies, defendant did not preserve his challenges to the prosecutor's opening statement and summation, and we decline to review these claims on the merits. As an alternative holding, we reject these arguments on the merits. Although the prosecutor's summation contained some improprieties, they did not deprive defendant of a fair trial (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

We perceive no basis for reducing the sentence. Concur— Gonzalez, P.J., Saxe, McGuire, Acosta and Román, JJ.