People v Rouse (2018 NY Slip Op 01868)





People v Rouse


2018 NY Slip Op 01868


Decided on March 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Kahn, Oing, JJ.


2621/13 5711 5710

[*1]The People of the State of New York, Respondent,
v
Clarence Rouse, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Ramandeep Singh of counsel), for respondent.



Judgment, Supreme Court, Bronx County (James W. Hubert, J.), rendered April 23, 2015, as amended April 30, May 18, and May 20, 2015, convicting defendant, after a jury trial, of attempted murder in the second degree, criminal use of a firearm in the first degree and two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 18 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility. The evidence, viewed as a whole, supports an inference that defendant had the requisite homicidal intent when he fired a shot that appeared to be aimed directly at a group of fleeing men (see generally People v Getch, 50 NY2d 456, 465 [1980]). The jury could have reasonably concluded that defendant was not firing a warning shot.
Defendant was not deprived of a fair trial by the court's comments, during the cross-examination of the police witnesses, that allegedly denigrated defense counsel. While the court may have displayed exasperation at counsel's repeated failure to comply with the court's rulings and directives, it was justified in acting "to keep the proceedings within the reasonable confines of the issues and to encourage clarity rather than obscurity in the development of proof" (People v Moulton, 43 NY2d 944, 945 [1978]; see also People v Melendez, 31 AD3d 186, 196-198 [1st Dept 2006], lv denied 7 NY2d 927 [2006]). Assuming that some of the court's comments may have been better left unsaid, a review of the record as a whole shows that "the jury was not prevented from arriving at an impartial judgment on the merits" (Moulton, 43 NY2d at 946).
The evidentiary rulings challenged by defendant were provident exercises of discretion that did not deprive defendant of a fair trial or impair his right to cross-examine witnesses and present a defense (see Crane v Kentucky, 476 US 683, 689-690 [1986]; Delaware v Van Arsdall, 475 US 673, 678-679 [1986]). Defendant received a full opportunity to cross-examine a police witness about his involvement in a ticket-fixing scandal, and the additional areas that counsel wished to explore were remote from the officer's credibility. Anonymous 911 calls proffered by defendant had minimal relevance or probative value on the issue of whether an officer correctly identified defendant as the person who fired the shot. Finally, as to the matter for which defendant sought to call an additional police witness, the evidence was cumulative to undisputed facts already in evidence.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 20, 2018
CLERK