People v Selmen (2021 NY Slip Op 50782(U))

[*1]

People v Selmen (Joseph)

2021 NY Slip Op 50782(U) [72 Misc 3d 139(A)]

Decided on August 6, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 6, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-2523 K CR

The People of the State of New York,
Respondent,
against
Joseph Selmen, Appellant. 

Jonathan A. Rosenberg, for appellant.
Kings County District Attorney (Leonard Joblove, Morgan J. Dennehy and Jordan Cerruti of
counsel), for respondent.

Appeal from two judgments of the Criminal Court of the City of New York, Kings County
(Claudia Daniels DePeyster, J.), rendered November 5, 2018. Each judgment convicted
defendant, after a nonjury trial, of attempted forcible touching, sexual abuse in the third degree,
and harassment in the second degree, and imposed sentence.

ORDERED that the judgments of conviction are affirmed.
Defendant was charged in two separate superseding informations with forcible touching
(Penal Law § 130.52 [1]), sexual abuse in the third degree (Penal Law § 130.55), and
harassment in the second degree (Penal Law § 240.26 [1]), respectively. Prior to trial, the
counts of forcible touching were reduced to attempted forcible touching (Penal Law §§
110.00, 130.52 [1]). At a nonjury trial, the first complainant testified that, following a
colonoscopy procedure at the Brooklyn Surgery Center, she was in the recovery area and
defendant, a nurse, advised her that he needed to perform a rectal examination to check for
hemorrhoids, but instead inserted his finger into her vagina and moved his finger in a circular
motion. The second complainant testified that, while she was in the recovery area of the same
surgery center following a colonoscopy procedure, defendant advised her that he needed to
perform a rectal examination to check for bleeding, but instead thrust his finger in and out of her
vagina three times. Both complainants testified that they had not made any health-related
complaints after their colonoscopy. Another nurse, who was assigned to the second complainant
on the day in question, testified that nurses at the surgery center are not permitted to conduct
internal examinations on patients because it is "out of the scope of practice." The doctor who
performed the colonoscopy procedure on both complainants [*2]testified that he did not authorize defendant to internally examine
the complainants, and, in his expert opinion, a rectal examination of his patients following their
colonoscopy was not medically necessary. The doctor testified that a rectal examination at his
surgery center would only be performed by a nurse in the doctor's presence and that a nurse
would never be permitted to examine a patient for hemorrhoids. The doctor further testified that,
if a patient had a medical complaint, it must be documented in their medical chart and the doctor
must be informed, neither of which was done in these cases. 
Defendant testified that he performed a rectal examination on the second complainant
because she had complained of lower abdominal pain and rectal pain. Defendant admitted that he
is required to make a notation in a patient's chart if there was a health complaint, but he did not
make any notations in her chart. Defendant denied having any contact with the first complainant.
Finally, an expert called by the defense testified, among other things, that any examination that a
nurse performs should be recorded in a patient's medical records with a description of what was
done and the results of the examination. Following the trial, the Criminal Court found defendant
guilty as charged.
At sentencing, without initially offering the parties an opportunity to be heard, the Criminal
Court sentenced defendant to six concurrent terms of imprisonment of 30 days with the
remainder of the year on probation. Defense counsel objected, the Criminal Court acknowledged
the error, and allowed defense counsel to make a statement and provide letters of support for
defendant. After reviewing all of the letters provided, the Criminal Court adhered to its initial
sentences.
On appeal, defendant first contends that the trial evidence was legally insufficient and the
verdict was against the weight of the evidence. Viewing the evidence in the light most favorable
to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that the testimony
of the complaining witnesses alone was legally sufficient to establish, beyond a reasonable doubt,
defendant's guilt of the charged offenses. In fulfilling our responsibility to conduct an
independent review of the weight of the evidence (see CPL 470.15 [5]; People v
Danielson, 9 NY3d 342 [2007]), we accord great deference to the factfinder's opportunity to
view the witnesses, hear their testimony, and observe their demeanor (see People v
Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495, 508 [1987]).
Upon a review of the record, we find no basis to disturb the Criminal Court's credibility
determinations and, as a result, we are satisfied that the verdicts of guilt were not against the
weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Defendant next contends that judicial interference and bias deprived him of a fair trial.
Specifically, defendant argues that the Criminal Court initially ruled that an expert could not
testify for the defense, that the court requested that he shorten his cross-examination of the first
complainant, and that the court sustained many of the People's objections. Contrary to the
People's contention, defendant's claim was properly preserved for appellate review (see
CPL 470.05 [2]).
"[J]udicial interference in the trial must be measured both qualitatively and quantitatively
before it can be said to be excessive" (People v Yut Wai Tom, 53 NY2d 44, 55 [1981]).
"[T]he court may. . . of course, make such rulings, evidentiary and otherwise, as the proper
conduct of the case and the range of discretion entrusted to it for that purpose require"
(People v Moulton, [*3]43 NY2d 944, 945 [1978]). Here,
the record reveals that the court exercised "judicious restraint, to keep the proceedings within the
reasonable confines of the issues and to encourage clarity rather than obscurity in the
development of proof" (id. at 945). The court's alleged error in its initial ruling, that a
defense expert could not testify, was corrected. A review of the entire record reveals that the
court's actions were largely attributable to defense counsel's conduct, specifically,
cross-examining the first complainant for several hours, asking questions that were well beyond
the scope of her direct testimony and irrelevant. The record further reveals that the court indulged
defense counsel's questioning and only admonished him where appropriate. Thus, under the
circumstances, defendant received a fair trial.
Defendant's final contentions regarding sentencing have been rendered moot, as defendant
has completed his sentence.
Accordingly, the judgments of conviction are affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 6, 2021