People v Coleman (2026 NY Slip Op 00145)

People v Coleman

2026 NY Slip Op 00145

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2019-02195
 (Ind. No. 2516/16)

[*1]The People of the State of New York, respondent,
vFred Q. Coleman, appellant.

Patricia Pazner, New York, NY (Yaniv Kot and Zachory Nowosadzki of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, Semyon Davydov, and Sonia Suchak of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen A. Knopf, J.), rendered January 9, 2019, convicting him of assault in the second degree, criminal possession of a weapon in the third degree, and disorderly conduct, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
The defendant was convicted of assault in the second degree and related crimes arising out of an altercation with the complainant wherein the defendant was charged with slashing the complainant with a sharp object, which resulted in a serious laceration on the complainant's neck area. 
The defendant failed to preserve for appellate review his contention that he was deprived of his right to a fair trial by the Supreme Court's participation in the questioning of the trial witnesses and interference with the trial (see CPL 470.05[2]; People v Parker, 197 AD3d 732, 733). However, we reach that issue in the exercise of our interest of justice jurisdiction.
"[A] trial judge is permitted to question witnesses to clarify testimony and to facilitate the progress of the trial, and, if necessary, to develop factual information," so long as the judge does not take on the function or appearance of an advocate (People v Adams, 117 AD3d 104, 109 [internal quotation marks omitted]; see People v Pulliam, 217 AD3d 968, 970). The central issue to be determined by the jury in this matter was whether the defendant had intentionally slashed the complainant with a sharp object that the defendant had brought to the complainant's home or whether, as claimed by the defense, the complainant was inadvertently cut when falling onto a vehicle during a struggle with the defendant.
Here, the Supreme Court engaged extensively in its own areas of inquiry, which detailed the nature of the complainant's injury and clarified whether the injury was likely to have been intentionally caused by a sharp instrument. The court asked numerous leading questions of the [*2]People's witness, a paramedic, as to what the paramedic observed, and guided the prosecution at length in its questioning of the paramedic. The court also assisted the prosecution in laying a foundation for the admission of evidence and repeatedly engaged in lengthy colloquies with various prosecution witnesses in order to effectively instruct these witnesses how to refresh their recollections in order to provide evidence favorable to the prosecution.
Viewing the record as a whole, the Supreme Court improperly took on the function and appearance of an advocate, at times even engaging in commentary on the testimony against the defendant, as well as on questions posed by defense counsel. The court's conduct left the impression that its opinion favored the credibility of the People's witnesses and the merits of the People's case (see People v Moulton, 43 NY2d 944, 945; People v Pulliam, 217 AD3d at 970), thus depriving the defendant of a fair trial (see People v Yut Wai Tom, 53 NY2d 44; People v Melendez, 227 AD2d 646).
Accordingly, a new trial is warranted.
The defendant's remaining contentions need not be addressed in light of our determination.
DUFFY, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court