People v Morales (2026 NY Slip Op 00913)

People v Morales

2026 NY Slip Op 00913

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2019-03233
 (Ind. No. 1256/18)

[*1]The People of the State of New York, respondent,
vJuan C. Morales, appellant.

Patricia Pazner, New York, NY (David Fitzmaurice of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and MyeongHwan Cha of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen A. Knopf, J.), rendered February 15, 2019, convicting him of robbery in the second degree (two counts), grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the third degree, criminal mischief in the fourth degree, driving while intoxicated (two counts), and unlicensed operation of a motor vehicle, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Queens County, for a new trial before a different Justice.
The defendant was convicted of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in fourth degree, among other crimes, arising out of the defendant's theft of a taxicab from its driver.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish the defendant's guilt of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in fourth degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial by the Supreme Court's participation in the questioning of trial witnesses (see CPL 470.05[2]; People v Parker, 197 AD3d 732,733). However, we reach that issue in the exercise of our interest of justice jurisdiction.
"'[A] trial judge is permitted to question witnesses to clarify testimony and to [*2]facilitate the progress of trial, and, if necessary, to develop factual information,' so long as the judge does not take on the function or appearance of an advocate" (People v Pulliam, 217 AD3d 968, 970, quoting People v Adams, 117 AD3d 104, 109 [internal quotation marks omitted]; see People v Coleman, ___ AD3d ___, 2026 NY Slip Op 00145). Here, the Supreme Court engaged extensively in its own areas of inquiry, asked numerous leading questions of the People's witnesses, including the complainant and a police officer, as to their observations of the defendant, elicited identification testimony, and guided the prosecution at length in its questioning.
Viewing the record as a whole, the Supreme Court improperly took on the function and appearance of an advocate. The court's conduct left the impression that its opinion favored the credibility of the People's witnesses and the merits of the People's case (see People v Moulton, 43 NY2d 944, 945; People v Coleman, ___ AD3d ___, 2026 NY Slip Op 00145), thus depriving the defendant of a fair trial (see People v Yut Wai Tom, 53 NY2d 44; People v Coleman, ___ AD3d ___, 2026 NY Slip Op 00145; People v Pulliam, 217 AD3d at 970).
Accordingly, a new trial is warranted.
The defendant's remaining contentions need not be addressed in light of our determination.
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court