■ In the Matter of JERMAINE B., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition, Family Court, New York County (Leah Marks, J., at fact finding and disposition), entered October 4, 1990, which adjudicated appellant a juvenile delinquent in need of supervision, treatment and confinement for a period of 18 months, unanimously affirmed, without costs.

There is no merit to appellant's contentions that the petition was jurisdictionally defective, and that he was denied effective assistance of counsel. His attorney's failure to make certain motions does not in and of itself constitute ineffective assistance *(People v Rivera,* 71 NY2d 705), and, on the facts of this case, the failure to make these motions was not prejudicial, since it appears highly doubtful that they would have been successful. Finally, viewing the evidence in the light most favorable to the prosecution *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the evidence was sufficient to support the conclusion that appellant committed acts which, if done by an adult, would constitute the crimes of attempted robbery in the first degree, menacing, and possession of a weapon in the fourth degree. Moreover, upon an independent review of the facts, we find that the determination was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490). In resolving the question of credibility, the court credited the straightforward nature of the victim's account, in contrast to appellant's unlikely version of how his knife came to be fully opened and displayed *(see, e.g., Matter of Michael D.,* 109 AD2d 633, *affd* 66 NY2d 843). After considering the relative force of the conflicting testimony, we find no reason on the record before us to disturb the court's determination. Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Rubin, JJ.