■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CATHRYN TRIBBLE, Appellant. [595 NYS2d 460] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered May 21, 1991, which convicted defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentenced her, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), there was sufficient evidence to negate the defense that defendant was merely an agent of the undercover police officer *(see, People v Argibay,* 45 NY2d 45, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930).

The evidence established beyond a reasonable doubt that defendant's role here was part of a "typical scenario of a street sale of drugs, where one person deals directly with the buyer and the other holds the drug supply." *(People v Lucas,* 162 AD2d 273, 273-274, *lv denied* 76 NY2d 860.) Concur—Murphy, P. J., Carro, Ellerin, Kupferman and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL HOWARD, Appellant. [595 NYS2d 690] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered May 24, 1991, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 4 to 8 years, unanimously affirmed.

Defendant failed to preserve any claim of error by the trial court regarding its participation in the questioning of the complainant and defendant by appropriate and timely objection (CPL 470.05). In any event, the participation complained of constituted an appropriate exercise of discretion to encourage clarity, rather than obscurity, in the development of proof, without conveying any opinion of the court *(People v Moulton,* 43 NY2d 944, 945). In this connection, we note that the trial court also appropriately exercised its discretion in precluding repetitive questioning on cross-examination *(People v Sorge,* 301 NY 198, 201-202).

We have considered defendant's additional claims of error and find them to be both unpreserved and without merit. Concur—Murphy, P. J., Carro, Ellerin, Kupferman and Asch, JJ.