■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SOTO, Appellant. [618 NYS2d 811] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered

October 9, 1991, convicting defendant after a jury trial, of six counts of rape in the first degree, six counts of rape in the second degree, fourteen counts of sodomy in the first degree, thirteen counts of sodomy in the second degree and two counts of sexual abuse in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 50 to 100 years, including four separate consecutive terms of 12½ to 25 years encompassing the first degree rape and first degree sodomy counts concurrent with 3½ to 7 years on each of the second degree rape, second degree sodomy and first degree sexual abuse counts, unanimously affirmed.

Defense counsel's omission to request a bill of particulars did not deprive defendant of effective assistance of counsel, since the 23-day time span set forth in the indictment was, in view of the tender ages of the victims, sufficient to give defendant adequate notice of the rape and sodomy charges against him *(see, People v Bass,* 179 AD2d 568, *lv denied* 79 NY2d 997; *Matter of Jermaine B.,* 180 AD2d 607), and defendant's claim that counsel was otherwise ineffective is without merit *(see, People v Flores,* 84 NY2d 184).

Defendant's claim of improper interference by the trial court is unpreserved for appellate review as a matter of law *(People v Howard,* 192 AD2d 303, *lv denied* 81 NY2d 1074), and we decline to review it in the interest of justice. Were we to review it, we would find that the court's suggestion to the prosecutor that she should reopen her direct examination, was properly made to clarify ambiguous testimony by the victims' mother *(see, People v De Jesus,* 42 NY2d 519, 523), and that the court's participation was not otherwise an abuse of discretion. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.