■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE DAVIS, Appellant. [734 NYS2d 447] —Judgment,

Supreme Court, Bronx County (Nicholas Iacovetta, J., on motion; Gerald Sheindlin, J., at jury trial and sentence), rendered July 1, 1998, convicting defendant of criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied without a hearing. The information presented to the motion court clearly established that the viewing of defendant by the observing officer in this observation sale case was a confirmatory identification for which no *Wade* hearing was required (*see, People v Wharton*, 74 NY2d 921; *People v Rampersant*, 272 AD2d 202, *lv denied* 95 NY2d 870).

The record fails to support defendant's contention that the conduct of the trial court deprived him of a fair trial. The court properly exercised its discretion when it advised the prosecutor to ask particular questions, after determining that the prosecutor's inexperience was undermining the orderly presentation of evidence and truth-seeking function of the trial (*see, People v Moulton*, 43 NY2d 944; *People v Medina*, 284 AD2d 122; *People v Soto*, 210 AD2d 5, *lv denied* 84 NY2d 1039). Rather than asking the questions itself, the court was careful to avoid any appearance of bias by instead raising the matters in question with counsel outside the hearing of the jury. Defendant's claim that he was prejudiced by the court's facial expressions is unsupported by the record. Concur—Sullivan, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.