THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. HARRIS, Appellant. [857 NYS2d 840]—Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered June 15, 2005. The judgment convicted defendant, after a jury trial, of burglary in the first degree and assault in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the first degree (Penal Law § 140.30 [2]) and assault in the third degree (§ 120.00 [1]). County Court properly denied defendant's request to charge criminal trespass in the second degree as a lesser included offense of burglary in the first degree. There is no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but not the greater (*see People v Glover*, 57 NY2d 61, 63 [1982]), i.e., "that he entered the [dwelling] unlawfully but for an innocent purpose and developed the intent to commit a crime therein after his entry" (*People v Mercado*, 294 AD2d 805, 805 [2002], *lv denied* 98 NY2d 731 [2002]; *see also People v Martinez*, 9 AD3d 679, 681 [2004], *lv denied* 3 NY3d 709 [2004]). The court properly denied defendant's *Batson* objection. The People provided a race-neutral explanation for their use of a peremptory challenge to excuse an African-American prospective juror, and "we afford considerable deference to [the court's] determination that the People's proffered explanation[ ] [was] nonpretextual, especially since the court was present for the entire voir dire and uniquely situated to assess the demeanor and body language of [that prospective] juror" (*People v Morgan*, 24 AD3d 950, 952 [2005], *lv denied* 6 NY3d 815 [2006]). We further reject defendant's challenge to the legal sufficiency of the evidence. Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that it is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and we also reject defendant's contention that the verdict is against the weight of the evidence (*see id.*). The sentence is not unduly harsh or severe.

Defendant further contends that the court erred in setting

the expiration date of the order of protection without taking into account the jail time credit to which he is entitled. We agree (*see People v Fomby*, 42 AD3d 894, 896 [2007]; *see also People v Viehdeffer*, 288 AD2d 860 [2001]). Although defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled and to specify in the order of protection an expiration date in accordance with CPL 530.13 (former [4]), the version of the statute in effect when the judgment was rendered on June 15, 2005. Present—Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ.