■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. MERRILL, Appellant. [875 NYS2d 408]—

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered August 28, 2007. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of two counts of sexual abuse in the first degree (Penal Law § 130.65 [1], [3]) and one count of endangering the welfare of a child (§ 260.10 [1]), defendant contends that County Court erred in allowing the 10-year-old victim to testify under oath. We reject that contention. Pursuant to CPL 60.20 (2), any witness over the age of nine may testify under oath "unless the court is satisfied that such witness cannot . . . understand the nature of an oath." Thus, a 10-year-old child "is presumed competent to testify" (People v Mann, 41 AD3d 977, 980 [2007], lv denied 9 NY3d 924 [2007]), and the court need not ascertain whether he or she understands the nature of an oath in the absence of any evidence to the contrary.

Defendant failed to preserve for our review his contention that the court erred in failing to give a missing witness charge (see People v Russell, 209 AD2d 650 [1994]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant made only a general motion for a trial order of dismissal and thus also failed to preserve for our review his contention that the conviction is not supported by legally sufficient

evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Gorski, JJ.