■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRY JORDAN, Appellant. [908 NYS2d 51]—

Judgments, Supreme Court, New York County (Bruce Allen, J.), rendered May 19, 2008, convicting defendant, after a nonjury trial, of aggravated criminal contempt, criminal contempt in the first degree (five counts), assault in the third degree and criminal mischief in the fourth degree and sentencing him to an aggregate term of 3 to 9 years, unanimously affirmed.

Defendant's arguments concerning the sufficiency and weight of the evidence are limited to his conviction of one count of criminal contempt in the first degree arising from letters he sent to the victim from prison in violation of an order of protection. The evidence supports the conclusion that the letters were intended to place the victim "in reasonable fear of physical injury, serious physical injury or death" (Penal Law § 215.51 [b] [ii]), as they contained numerous references to death and violence, and were made after defendant had already engaged in a pattern of violent conduct against the victim. Accordingly, we find that this verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]).

Since defendant never articulated a specific double jeopardy argument, he did not preserve his present claim that his conviction of three counts of criminal contempt in the first degree arising from events that occurred on March 14, 2006 constituted multiple punishments for the same offense, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits, because each of these counts required proof of a fact that the others did not (*see Blockburger v United States*, 284 US 299, 304 [1932]).

Defendant's challenge to his conviction of assault in the third degree is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.

We perceive no basis for reducing the sentence. Concur— Saxe, J.P., Nardelli, McGuire, Freedman and Abdus-Salaam, JJ.