■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN TIDD, SR., Also Known as ALAN D. TIDD, SR., Also Known as ALAN D. TIDD, Appellant. (Appeal No. 1.) [917 NYS2d 591]— Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered April 9, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the second degree.

Appeal from a resentence of the Genesee County Court (Robert C. Noonan, J.), rendered September 14, 2009. Defendant was resentenced upon his conviction of criminal sexual act in the second degree.

It is hereby ordered that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a resentence pursuant to which County Court sentenced him to a revised term of incarceration, with an unmodified order of protection, based on his conviction of criminal sexual act in the second degree (Penal Law § 130.45 [1]). The court resentenced defendant with respect to the period of incarceration because the sentence of incarceration originally imposed was illegal. Defendant contends that the court erred in setting the expiration date of the order of protection based upon the version of CPL 530.13 in effect at the date of the initial sentencing rather than the version that was in effect when defendant committed the crime. We note at the outset that defendant failed to preserve that contention for our review inasmuch as he never challenged the duration of the order of protection (*see* CPL 470.05 [2]; *see generally People v Harris*, 50 AD3d 1608, 1609 [2008], *lv denied* 10 NY3d 959 [2008]). We further note that preservation is required because an order of protection is not a part of the sentence and thus is not subject to the illegal sentence exception to the preservation requirement (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]). In any event, contrary to defendant's contention, the court properly applied the version of CPL 530.13 that was in effect when the judgment was rendered, i.e., at the time of defendant's initial sentencing (*see Harris*, 50 AD3d at 1609; *People v Vega*, 49 AD3d 1185, 1186 [2008], *lv denied* 10 NY3d 965 [2008]; *People v Stone*, 49 AD3d 1314, 1315 [2008], *lv denied* 10 NY3d 965 [2008]). Present—Centra, J.P., Carni, Lindley, Green and Gorski, JJ.