# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

100

KA 10-00324

PRESENT: CENTRA, J.P., CARNI, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ALAN TIDD, SR., ALSO KNOWN AS ALAN D. TIDD, SR.,
ALSO KNOWN AS ALAN D. TIDD, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

MARY ANN BLIZNIK, CLARENCE, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Genesee County Court (Robert C.
Noonan, J.), rendered September 14, 2009.  Defendant was resentenced
upon his conviction of criminal sexual act in the second degree.

It is hereby ORDERED that the resentence so appealed from is
unanimously affirmed.

Memorandum:  Defendant appeals from a resentence pursuant to
which County Court sentenced him to a revised term of incarceration,
with an unmodified order of protection, based on his conviction of
criminal sexual act in the second degree (Penal Law § 130.45 [1]).
The court resentenced defendant with respect to the period of
incarceration because the sentence of incarceration originally imposed
was illegal.  Defendant contends that the court erred in setting the
expiration date of the order of protection based upon the version of
CPL 530.13 in effect at the date of the initial sentencing rather than
the version that was in effect when defendant committed the crime.  We
note at the outset that defendant failed to preserve that contention
for our review inasmuch as he never challenged the duration of the
order of protection (*see* CPL 470.05 [2]; *see generally People v
Harris*, 50 AD3d 1608, 1609, *lv denied* 10 NY3d 959).  We further note
that preservation is required because an order of protection is not a
part of the sentence and thus is not subject to the illegal sentence
exception to the preservation requirement (*see People v Nieves*, 2 NY3d
310, 315-317).  In any event, contrary to defendant's contention, the
court properly applied the version of CPL 530.13 that was in effect
when the judgment was rendered, i.e., at the time of defendant's
initial sentencing (*see Harris*, 50 AD3d at 1609; *People v Vega*, 49

AD3d 1185, 1186, *lv denied* 10 NY3d 965; *People v Stone*, 49 AD3d 1314, 1315, *lv denied* 10 NY3d 965).