■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR DUPERROY, Appellant. [931 NYS2d 70]—

The court properly exercised its discretion in admitting uncharged crimes evidence. This case involved longstanding and ongoing domestic conflict, and many of the counts submitted to the jury required proof that defendant intended to instill fear, harass, or otherwise inflict psychological injury on his wife. Defendant's extensive history of threatening and violent conduct was highly probative of intent and motive, and it provided valuable background information (*see People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Garvin*, 37 AD3d 372 [2007], *lv denied* 8 NY3d 984 [2007]). The probative value of this evidence outweighed its prejudicial effect, which was minimized by the court's thorough instructions. In any event, any error in receipt of this evidence was harmless.

The People concede that defendant is entitled to dismissal of the second-degree contempt counts as lesser included offenses of the first-degree counts. Defendant's remaining double jeopardy argument is unpreserved (*see People v Gonzalez*, 99 NY2d 76, 82-83 [2002]; *People v Jordan*, 77 AD3d 406 [2010], *lv denied* 15 NY3d 953 [2010]), and we decline to review it in the interest of justice. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Richter, JJ.