# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1334**

**KA 10-00232**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MARK A. WESTBROOKS, DEFENDANT-APPELLANT.

---

JAMES E. NEUMAN, NEW YORK CITY, FOR DEFENDANT-APPELLANT.

LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Lewis County Court (Charles C. Merrell, J.), rendered December 4, 2009.  The judgment convicted defendant, upon a jury verdict, of rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him following a jury trial of rape in the first degree (Penal Law § 130.35 [1]), defendant contends that the verdict is against the weight of the evidence.  We reject that contention.  This case turned largely upon the credibility of the victim, and it is well settled that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]; *see People v Erle*, 83 AD3d 1442, *lv denied* 17 NY3d 794).  Although there were various inconsistencies in the victim's trial testimony, it cannot be said that her testimony was "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Harris*, 56 AD3d 1267, 1268, *lv denied* 11 NY3d 925; *see People v Moore* [appeal No. 2], 78 AD3d 1658, 1659-1660).  Furthermore, we note that the People introduced evidence establishing that defendant fled to Ohio after the victim contacted the police, and such evidence of defendant's flight was admissible as circumstantial evidence of his consciousness of guilt (*see People v Zuhlke*, 67 AD3d 1341, *lv denied* 14 NY3d 774).

We reject defendant's further contention that County Court erred in allowing the People during their direct case to elicit testimony that defendant slapped the victim while they were arguing two days before the rape occurred.  Evidence of a defendant's prior abusive or controlling behavior toward a victim is " 'admissible for the purpose of establishing the element of forcible compulsion and the victim's

delayed reporting' " (*People v King*, 56 AD3d 1193, 1194, *lv denied* 11 NY3d 926).  That principle applies even where, as here, "the defense is not consensual sex, but that the rape never occurred and that the [victim's] allegation was a lie" (*People v Cook*, 93 NY2d 840, 841). Defendant failed to preserve for our review his contention that the court erred in failing to give a limiting instruction with regard to that evidence (*see People v Wright*, 5 AD3d 873, 876, *lv denied* 3 NY3d 651), as well as his contention that the court erred in admitting evidence that he was absent without leave from the United States Army following the rape (*see* CPL 470.05 [2]).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, defendant contends that he was deprived of a fair trial by alleged prosecutorial misconduct on summation.  Defendant did not object to most of the alleged improper comments and thus failed to preserve his contention for our review with respect to those comments (*see* CPL 470.05 [2]).  In any event, we conclude that "[t]he claimed instances of prosecutorial misconduct were not so egregious that defendant was deprived of a fair trial" (*People v Plant*, 138 AD2d 968, *lv denied* 71 NY2d 1031).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court