# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

258

KA 09-01281

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ANTHONY J. HOLMES, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN, FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered May 29, 2009. The judgment convicted defendant, upon a jury verdict, of assault in the third degree (two counts), intimidating a victim or witness in the third degree (two counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of two counts each of assault in the third degree (Penal Law § 120.00 [1]) and intimidating a victim or witness in the third degree (§ 215.15 [1]), and one count of endangering the welfare of a child (§ 260.10 [1]), defendant challenges the legal sufficiency and weight of the evidence with respect to the conviction of intimidating a victim or witness in the third degree and endangering the welfare of a child. Defendant failed to preserve for our review his contention that the evidence supporting the conviction of endangering the welfare of a child is legally insufficient on the ground that the child at issue was not in the room where the assault occurred (*see People v Carncross*, 14 NY3d 319, 324-325; *People v Gray*, 86 NY2d 10, 19; *People v Dizak*, 93 AD3d 1182, 1185, *lv denied* 19 NY3d 972, *reconsideration denied* 20 NY3d 932). Defendant's contention that the evidence is legally insufficient to support that conviction because the People failed to establish that the child at issue was not mentally or emotionally harmed, however, is properly before us (*see People v Payne*, 3 NY3d 266, 273, *rearg denied* 3 NY3d 767). In any event, both of defendant's contentions with respect to the legal sufficiency of the evidence supporting that conviction lack merit, as does defendant's contention concerning the legal sufficiency of the evidence with respect to the conviction of intimidating a victim or witness (*see generally People v Bleakley*, 69 NY2d 490, 495). In addition, viewing the evidence in light of the elements of those

crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]).

Contrary to defendant's further contention, County Court's *Molineux* ruling did not constitute an abuse of discretion (*see People v Dorm*, 12 NY3d 16, 19; *People v Duperroy*, 88 AD3d 606, 607, *lv denied* 18 NY3d 957; *People v Galloway*, 61 AD3d 520, 520-521, *lv denied* 12 NY3d 915).  We note in any event that the court's limiting instruction in its jury charge "served to alleviate any potential prejudice resulting from the admission of the evidence" (*People v Alke*, 90 AD3d 943, 944, *lv denied* 19 NY3d 994; *see People v Freece*, 46 AD3d 1428, 1429, *lv denied* 10 NY3d 811).

Moreover, there is no merit to defendant's contention that he was prejudiced by the timing of the People's notice of intention to offer *Molineux* evidence, the timing of the *Molineux* hearing, which was conducted during jury selection, and the timing of the court's *Molineux* ruling, which was made upon the completion of jury selection. According to defendant, the timing of the court's *Molineux* ruling upon the completion of jury selection denied him the opportunity to explore the potential impact of that evidence on voir dire.  It is well settled that "a defendant is not entitled as a matter of law to pretrial notice of the People's intention to offer evidence pursuant to *People v Molineux* (168 NY 264 [1901]) or to a pretrial hearing on the admissibility of such evidence" (*People v Small*, 12 NY3d 732, 733; *see People v Ventimiglia*, 52 NY2d 350, 362).  Defendant's contention that defense counsel was forced to prepare for trial as if there would be no *Molineux* evidence lacks merit inasmuch as the record reflects that the People advised defense counsel at the *Sandoval* hearing of the possibility that *Molineux* issues would be raised shortly before trial, and there is no record support for defendant's further contention that the timing of the *Molineux* request was such that defendant could not discuss those issues with defense counsel.  In any event, with respect to the timing of the court's *Molineux* ruling, we note that the court's limiting instruction concerning the jury's consideration of such evidence obviated any need for defense counsel during voir dire to explore the impact of that evidence.

Also without merit is defendant's contention that the court failed to engage in the second part of the *Ventimiglia* analysis, i.e., the court never analyzed whether the probative value of evidence of defendant's prior bad acts was outweighed by its potential for prejudice (*see People v Cass*, 18 NY3d 553, 560; *Ventimiglia*, 52 NY2d at 362).  Although the court arguably could have better "recited its discretionary balancing of the probity of such evidence against its potential for prejudice" (*People v Meseck*, 52 AD3d 948, 950, *lv denied* 11 NY3d 739), we conclude that, viewing the record in its entirety, the court conducted the requisite balancing test (*see id.*).  Here,

defense counsel opposed the introduction of the *Molineux* evidence based on its prejudicial effect, and the court's *Molineux* determination included a limiting instruction to the jury (*see People v Milot*, 305 AD2d 729, 731, *lv denied* 100 NY2d 585).

Finally, we note that the certificate of conviction reflects that defendant was convicted of assault in the third degree with respect to the first count of the indictment under Penal Law § 120.00, rather than more specifically under Penal Law § 120.00 (1), and it thus must be amended to that extent (*see generally People v Martinez*, 37 AD3d 1099, 1100, *lv denied* 8 NY3d 947).

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court