# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**392**

**KA 09-00419**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

CLARENCE WILLIAMS, DEFENDANT-APPELLANT.

---

LORENZO NAPOLITANO, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL),
FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Joseph D. Valentino, J.), rendered October 10, 2008.  The judgment
convicted defendant, upon a jury verdict, of course of sexual conduct
against a child in the first degree and endangering the welfare of a
child.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him following a
jury trial of course of sexual conduct against a child in the first
degree (Penal Law § 130.75 [1] [a]) and endangering the welfare of a
child (§ 260.10 [1]), defendant contends that he is entitled to a new
trial because Supreme Court neglected to give limiting instructions
with respect to *Molineux* evidence establishing that he had subjected
the victim's brother to physical abuse (*see People v Molineux*, 168 NY
264).  As defendant correctly concedes, that contention is unpreserved
for our review because his attorney did not request a limiting
instruction and failed to object to the court's failure to provide one
(*see* CPL 470.05 [2]; *People v Sommerville*, 30 AD3d 1093, 1094-1095;
*People v Wright*, 5 AD3d 873, 876, *lv denied* 3 NY3d 651).  Because the
*Molineux* evidence in question did not relate to prior sexual abuse,
and because it appears from the record that defense counsel knew of
the court's failure to give limiting instructions and yet remained
silent when the error could have been corrected, we decline to
exercise our power to review that contention as a matter of discretion
in the interest of justice (*see People v Westbrooks*, 90 AD3d 1536,
1537, *lv denied* 18 NY3d 963; *cf. People v Presha*, 83 AD3d 1406, 1407).

We reject defendant's further contention that he was deprived of
effective assistance of counsel due to defense counsel's failure to
object to the lack of a limiting instruction.  Defense counsel may
have had a strategic reason for failing to request a limiting

instruction inasmuch as he may not have wished to draw further attention to the *Molineux* evidence (*see generally People v Benevento*, 91 NY2d 708, 712).  In any event, defendant points to no other alleged deficiencies on the part of defense counsel, and this is not one of those "rare" cases where a single alleged error by defense counsel was so egregious that it deprived defendant of effective assistance of counsel (*People v Turner*, 5 NY3d 476, 478; *see generally People v Cosby*, 82 AD3d 63, 67, *lv denied* 16 NY3d 857).

Contrary to defendant's further contention, the court did not improperly assume the function of an advocate at trial by directing the prosecutor to elicit testimony from the victim clarifying that, by referring to defendant's "private part," she meant his penis.  A trial court "is entitled to question witnesses to clarify testimony and to facilitate the progress of the trial" and to "elicit relevant and important facts" (*People v Yut Wai Tom*, 53 NY2d 44, 55, 57).  A court may also request a prosecutor to ask particular questions to clarify ambiguous testimony (*see People v Medina*, 284 AD2d 122, 122, *lv denied* 96 NY2d 922, citing *People v Moulton*, 43 NY2d 944; *see also People v Soto*, 210 AD2d 5, 6, *lv denied* 84 NY2d 1039).  Although a court's power to elicit testimony should "be exercised sparingly, without partiality, bias or hostility" (*People v Jamison*, 47 NY2d 882, 883; *see Yut Wai Tom*, 53 NY2d at 57), there is no indication in the record here that the court was biased against defendant or otherwise hostile toward him.  In any event, we note that the victim in her direct testimony sufficiently described defendant's "private part" as his penis inasmuch as she confirmed that his "private part" was the "part" from which he urinated (*see generally People v Pereau*, 45 AD3d 978, 981, *lv denied* 9 NY3d 1037).  Thus, clarification on that point was not necessary, and any alleged error of the court was therefore harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

Finally, we have reviewed defendant's contention regarding the alleged defectiveness of the grand jury proceedings and conclude that it lacks merit (*see generally People v Hebert*, 68 AD3d 1530, 1533-1534, *lv denied* 14 NY3d 841).

Entered:  June 14, 2013                          Frances E. Cafarell
                                                 Clerk of the Court