# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

454

KA 13-00064

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

SHUVON J. WILLIAMS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered October 3, 2012. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree, criminal contempt in the second degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal contempt in the second degree and dismissing count two of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]), criminal contempt in the second degree (§ 215.50 [3]), and endangering the welfare of a child (§ 260.10 [1]). We agree with defendant that her conviction under count two of the indictment, charging criminal contempt in the second degree, must be reversed and that count dismissed as a lesser inclusory concurrent count of count one, charging criminal contempt in the first degree (*see People v Mingo*, 66 AD3d 1043, 1044-1045, *lv denied* 14 NY3d 843; *see also People v Dupperoy*, 88 AD3d 606, 607, *lv denied* 18 NY3d 957). We therefore modify the judgment accordingly.

We reject defendant's contention that the testimony of the police officer at the *Wade* hearing was incredible as a matter of law (*see generally People v Spann*, 82 AD3d 1013, 1014; *People v Donaldson*, 35 AD3d 1242, 1243, *lv denied* 8 NY3d 984). Defendant preserved for our review her contention that the evidence is legally insufficient only to the extent that she contends that she did not have knowledge of the order of protection and its terms (*see generally People v Gray*, 86 NY2d 10, 19). We reject that contention inasmuch as "defendant's signature acknowledging receipt of the order of protection establishes

that it was served and that [s]he was on notice as to its contents" (*People v Soler*, 52 AD3d 938, 940, *lv denied* 11 NY3d 741; *cf. People v Bulgin*, 105 AD3d 551, 551, *lv denied* 21 NY3d 1002).  Defendant's contention that the order of protection was improperly admitted in evidence is not preserved for our review (*see People v Huntsman*, 96 AD3d 1387, 1388-1389, *lv denied* 20 NY3d 1099), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Contrary to defendant's further contention, the verdict is not against the weight of the evidence.  The minor inconsistencies in the testimony of two prosecution witnesses did not render their testimony incredible as a matter of law (*see People v Smith*, 73 AD3d 1469, 1470, *lv denied* 15 NY3d 778; *People v McAvoy*, 70 AD3d 1467, 1468, *lv denied* 14 NY3d 890).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that "the jury was justified in finding . . . defendant guilty beyond a reasonable doubt" (*id.* at 348).

Defendant contends that the conviction of criminal contempt in the first degree must be reversed because she may have been convicted of an act for which she was not indicted (*see generally People v McNab*, 167 AD2d 858, 858).  Specifically, defendant contends that the grand jury may have indicted her based on her conduct toward one of the prosecution witnesses, rather than that witness's son.  We reject that contention.  Although the indictment did not name the victim, the order of protection was issued in favor of the son and not his mother, and the grand jury therefore could not have indicted defendant for her conduct toward the mother.

Defendant failed to preserve for our review her contention that she was denied a fair trial based on prosecutorial misconduct during summation (*see People v Smith*, 32 AD3d 1291, 1292, *lv denied* 8 NY3d 849).  In any event, to the extent that the prosecutor's remarks were improper, we conclude that they were not so pervasive or egregious as to deprive defendant of a fair trial (*see People v Heck*, 103 AD3d 1140, 1143, *lv denied* 21 NY3d 1074).  Defendant also failed to preserve for our review her contentions that County Court gave a misleading jury instruction regarding a confession that was never made by defendant (*see People v Long*, 100 AD3d 1343, 1345, *lv denied* 20 NY3d 1063), and that the court erred in failing to give a missing witness charge (*see People v Merrill*, 60 AD3d 1376, 1376, *lv denied* 12 NY3d 856).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant further contends that she was denied effective assistance of counsel based on various errors made by defense counsel. We conclude that defendant failed to meet her burden of demonstrating the absence of strategic or other legitimate explanations for many of defense counsel's alleged errors (*see People v Benevento*, 91 NY2d 708, 712).  In addition, defendant was "not denied effective assistance of . . . counsel merely because counsel [failed to] make a motion or argument that ha[d] little or no chance of success" (*People v Stultz*,

2 NY3d 277, 287, *rearg denied* 3 NY3d 702).  Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

In light of defendant's lengthy criminal history, we conclude that the sentence is not unduly harsh or severe.  Defendant failed to preserve for our review her contention that the court erred in failing to take into account three days of jail time credit to which she is entitled in determining the duration of the order of protection, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see People v Hoyt*, 107 AD3d 1426, 1426, *lv denied* 21 NY3d 1042; *People v Owens*, 66 AD3d 1428, 1428-1429, *lv denied* 14 NY3d 772).  We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  June 13, 2014                        Frances E. Cafarell
                                               Clerk of the Court