Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered September 22, 2009. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree.
It is hereby ordered that the appeal from the judgment insofar as it imposed sentence is dismissed and the judgment is otherwise affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [former (a)]) and, in appeal No. 2, defendant appeals from the resentence. We reject defendant’s contention in appeal No. 1 that Supreme Court erred in allowing the victim and her mother to testify that defendant had threatened the victim and physically abused the victim and her brother. That evidence was relevant to explain the victim’s delay in reporting the abuse (see People v Westbrooks, 90 AD3d 1536, 1537 [2011], lv denied 18 NY3d 963 [2012]; People v Bennett, 52 AD3d 1185, 1187 [2008], lv denied 11 NY3d 734 [2008]; see also People v Rivers, 82 AD3d 1623, 1623 [2011], lv denied 17 NY3d 904 [2011]). We further conclude that the record establishes that the court balanced the probative value of such evidence against its potential for prejudice (see People v Holmes, 104 AD3d 1288, 1290 [2013], lv denied 22 NY3d 1041 [2013]). Defendant failed to preserve for our review his contention that the court erred in failing to issue a limiting instruction with respect to that evidence, and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see Westbrooks, 90 AD3d at 1537). We reject defendant’s further contention that the failure to object to the absence of the limiting instruction rendered counsel ineffective (see People v Williams, 107 AD3d 1516, 1516-1517 [2013], lv denied 21 NY3d 1047 [2013]).
Defendant next contends in appeal No. 1 that the court erred in admitting the testimony of an expert with respect to child sexual abuse accomodation syndrome (CSAAS) because the issue of delayed victim disclosure was not beyond the ken of the jurors in this case. It is well settled that “[e]xpert testimony *1424 concerning CSAAS is admissible to assist the jury in understanding the unusual conduct of victims of child sexual abuse where, as here, the testimony is general in nature and does not attempt to impermissibly prove that the charged crimes occurred” (People v Gayden, 107 AD3d 1428, 1428-1429 [2013], lv denied 22 NY3d 1138 [2014] [internal quotation marks omitted]; see People v Spicola, 16 NY3d 441, 465 [2011], cert denied 565 US —, 132 S Ct 400 [2011]; People v Ennis, 107 AD3d 1617, 1619 [2013], lv denied 22 NY3d 1040 [2013]). Contrary to defendant’s contention, the record of the voir dire does not establish that all the sworn jurors were aware of and understood the reasons for delayed disclosure by victims of sexual abuse and, moreover, the CSAAS expert also testified concerning unusual conduct of victims of child sexual abuse other than delayed disclosure.
Defendant further contends in appeal No. 1 that the court erred in allowing the People to call a rebuttal witness who testified concerning collateral matters. Contrary to defendant’s contention, the rebuttal witness was properly called to give testimony that was relevant to the defense witness’s bias or motive to fabricate, which is not collateral (see People v Anonymous, 96 NY2d 839, 840 [2001]). The defense witness was defendant’s former girlfriend, and the rebuttal witness was defendant’s ex-wife, who married defendant after he and the defense witness ended their romantic relationship. In her cross-examination of the defense witness, the prosecutor attempted to show that defendant and the defense witness were romantically involved at the time of the trial, but the defense witness would admit only that she and defendant were friends, and claimed that she and defendant had been friends “all along,” i.e., they were friends even when defendant and the rebuttal witness were married. The prosecutor informed the court that she wanted to call the rebuttal witness to rebut the defense witness’s testimony that she and defendant were “friends this entire time.” We disagree with our dissenting colleagues that the rebuttal witness should not have been allowed to testify. Reading the prosecutor’s colloquy with the court on this issue, together with her cross-examination of the defense witness, we conclude that the purpose of calling the rebuttal witness was to show that defendant and the defense witness were romantically involved at the time of the trial, which the prosecutor believed could be inferred if the defense witness and defendant had not been friends when he was married to the rebuttal witness.
We also disagree with our dissenting colleagues that our affirmance of the trial court’s ruling violates People v Concepcion (17 NY3d 192 [2011]). The Court of Appeals has “ ‘construed *1425 CPL 470.15 (1) as a legislative restriction on the Appellate Division’s power to review issues either decided in an appellant’s favor, or not ruled upon, by the trial court’ ” {id. at 195). Contrary to the position of the dissent, we are not affirming on a ground that is different from that determined by the court. The court allowed the rebuttal witness to testify for the “limited purpose” of whether the defense witness and defendant were friends, and we conclude that the court’s determination was proper. We simply differ from the dissent in our interpretation of the meaning of the rebuttal witness’s testimony tending to show that the defense witness and defendant were not friends after defendant married the rebuttal witness. The rebuttal witness testified that defendant had contact with the defense witness in 2003 but, after the rebuttal witness indicated to defendant that she was not pleased with that contact between them, she was not aware of any further contact between defendant and the defense witness. Whereas the dissent infers nothing from that testimony other than that defendant and the defense witness were not friends after 2003, we conclude that a permissible inference from that testimony was that, despite her testimony, the defense witness never lost her romantic feelings for defendant, even at the time of trial.
Viewing the evidence in light of the elements of the crime of course of sexual conduct against a child as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant’s contention in his pro se supplemental brief that the verdict is against the weight of the evidence in appeal No. 1 (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant also contends in his pro se supplemental brief that he received ineffective assistance of counsel in appeal No. 1. Inasmuch as we conclude that defendant was not denied a fair trial by any alleged instances of prosecutorial misconduct on summation, defense counsel’s failure to object to those comments does not constitute ineffective assistance of counsel (see People v Lyon, 77 AD3d 1338, 1339 [2010], lv denied 15 NY3d 954 [2010]). In addition, defense counsel was not ineffective in failing to call a witness to rebut the testimony of the CSAAS expert (see People v Wallace, 60 AD3d 1268, 1270 [2009], lv denied 12 NY3d 922 [2009]). Defendant’s contention that defense counsel failed to obtain certain documentary evidence is based on matters outside the record and must be raised by way of a motion pursuant to CPL article 440 (see People v Gerald, 103 AD3d 1249, 1250 [2013]). Finally, defendant’s “ ‘[speculation that a more vigorous cross-examination might have [undermined the credibility of a witness] does not establish ineffectiveness of counsel’ ” (People v Williams, 110 AD3d 1458, 1459-1460 [2013], lv denied 22 NY3d 1160 [2014]).
*1426 Contrary to defendant’s contention in appeal No. 2, the resentence is not unduly harsh or severe. We agree with defendant, however, that the court erred in failing to modify the duration of the order of protection upon the resentence. Although defendant failed to preserve that contention for our review (see People v Nieves, 2 NY3d 310, 315-317 [2004]; People v Tidd [appeal No. 2], 81 AD3d 1405, 1406 [2011]), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). We therefore modify the resentence in appeal No. 2 by amending the order of protection, and we remit the matter to Supreme Court to determine the jail time credit to which defendant is entitled and to specify in the order of protection an expiration date in accordance with the version of CPL 530.12 (former [5] [ii]) in effect when the judgment was rendered on September 22, 2009 (see People v Jackson, 85 AD3d 1697, 1699 [2011], lv denied 17 NY3d 817 [2011]; Tidd, 81 AD3d at 1406; People v Harris, 50 AD3d 1608, 1609 [2008], lv denied 10 NY3d 959 [2008]).
All concur except Carni and Lindley, JJ., who dissent and vote to reverse in accordance with the following memorandum.